UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**23-20352-CR-ALTONAGA/DAMIAN**

CASE NO. _____

18 U.S.C. § 371
18 U.S.C. § 1960
18 U.S.C. § 1956(a)(2)(A)
18 U.S.C. § 1957
18 U.S.C. § 982(a)(1)

FILED BY ____mdc____ D.C.

Aug 30, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami, FL

UNITED STATES OF AMERICA

v.

**MELIK NAJM,**

　　　　Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. The defendant, **MELIK NAJM**, was a resident of Brazil.

2. Florida Company 1 through Florida Company 7 (together, the "Najm Companies") were registered in the State of Florida. The Najm Companies maintained bank accounts in the Southern District of Florida.

3. Pursuant to Title 18, United States Code, Section 1960(b)(2), the term "money transmitting" includes transferring funds on behalf of the public by any and all means, including but not limited to, transfers within this country by wire, check, draft, facsimile or courier.

4. Title 18, United States Code, Section 1960(b)(1)(A) requires money transmitting businesses, which affect interstate or foreign commerce, to operate with an appropriate money

transmitting license in a state where such operation is punishable as a misdemeanor or felony under state law.

5.  Money transmitters operating in the State of Florida were required to operate under Florida law, and operating a money transmitting business without authorization was punishable as a misdemeanor and a felony under Florida law.

6.  At no time relevant to this indictment did the defendant, **MELIK NAJM**, or any of his co-conspirators register with the State of Florida to obtain a license from the State of Florida to operate a money transmitting business.

## COUNT 1
### Conspiracy to Commit an Offense Against the United States
### (18 U.S.C. § 371)

1.  Paragraphs 1 through 6 of the General Allegations section of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2.  From in or around April 2020, through in or around April 2022, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**MELIK NAJM,**

did knowingly and intentionally conspire, combine, confederate and agree, with others both known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business, as that term is defined in Title 18, United States Code, Section 1960(b), by transferring funds on behalf of the public, by any and all means including wire, check, and courier, which affected interstate and foreign commerce, and which was operated without an appropriate money transmitting license in a state, that is, Florida, where such

operation was punishable as a felony, in violation of Title 18, United States Code, Section 1960(a).

### Object of the Conspiracy

3. It was the purpose and object of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by operating a money transmitting business without a license in the State of Florida that transferred hundreds of millions of dollars' worth of U.S. dollars for foreign clients through bank accounts in South Florida.

### Manner and Means of the Conspiracy

The manner and means by which the defendant, **MELIK NAJM**, and his co-conspirators sought to accomplish the purpose and object of the conspiracy included, among others, the following:

4. Beginning in or around 2020, **MELIK NAJM** offered a money transmitting service for clients outside the United States that worked as follows: (a) **MELIK NAJM** received funds from clients outside the United States; (b) **MELIK NAJM** converted these funds into cryptocurrency; (c) **MELIK NAJM** caused the cryptocurrency to be sold and transferred in U.S. dollars to bank accounts of the Najm Companies in South Florida; and (d) **NAJM** caused wire transfers of the U.S. dollars from bank accounts of the Najm Companies in South Florida to bank accounts located inside and outside the United States as directed by **MELIK NAJM**'s clients.

5. Beginning in or around 2020, and continuing through 2021, **MELIK NAJM** caused Co-Conspirator 1 to open bank accounts for Florida Company 1 and Florida Company 2 in the Southern District of Florida in order to receive U.S. dollars converted from cryptocurrency and to wire transfer those funds at **MELIK NAJM**'s direction. **MELIK NAJM** promised Co-

Conspirator 1 a fee for transmitting these funds as directed by **MELIK NAJM**.

6. Beginning in or around 2020, and continuing through in or around 2021, **MELIK NAJM** caused Co-Conspirator 2 to open bank accounts for Florida Company 3, Florida Company 4, and Florida Company 5 in the Southern District of Florida to receive U.S. dollars converted from cryptocurrency and to wire transfer those funds at **MELIK NAJM**'s direction. **MELIK NAJM** promised Co-Conspirator 2 a fee for transmitting these funds as directed by **MELIK NAJM**.

7. Beginning in or around 2021, and continuing through in or around 2022, **MELIK NAJM** opened bank accounts for Florida Company 6 and Florida Company 7 in the Southern District of Florida to receive U.S. dollars converted from cryptocurrency and to wire transfer those funds.

## Overt Acts

In furtherance of the conspiracy, and to affect the objects thereof, **MELIK NAJM**, and others, committed the following overt acts, among others, in the Southern District of Florida, and elsewhere:

8. On or about July 19, 2021, **MALIK NAJM** caused a wire transfer of approximately $754,110 from a cryptocurrency platform to a bank account of Florida Company 1 in the Southern District of Florida.

9. On or about August 11, 2021, **MALIK NAJM** caused a wire transfer of approximately $344,832 from a cryptocurrency platform to a bank account of Florida Company 3 in the Southern District of Florida.

10. On or about November 15, 2021, **MALIK NAJM** caused a wire transfer of

approximately $499,750 from a cryptocurrency platform to a bank account of Florida Company 6 in the Southern District of Florida.

All in violation of Title 18, United States Code, Section 371.

## Count 2
### Unlicensed Money Transmitting Business
### (18 U.S.C. § 1960)

1.	Paragraphs 1 through 6 of the General Allegations section of this Indictment and paragraphs 4 through 10 of Count 1 are realleged and incorporated by reference as if fully set forth herein.

2.	From in or around April 2020, through in or around April 2022, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**MELIK NAJM,**

did knowingly conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business, as that term is defined in Title 18, United States Code, Section 1960(b), by transferring funds on behalf of the public, by any and all means including wire, check, and courier, which affected interstate and foreign commerce, and which was operated without an appropriate money transmitting license in a state, that is, Florida, where such operation was punishable as a felony, in violation of Title 18, United States Code, Sections 1960(a) and 2.

5

## COUNT 3
### International Laundering of Monetary Instruments
### (18 U.S.C. § 1956(a)(2)(A))

1.       Paragraphs 1 through 11 of the General Allegations Section and paragraphs 4 through 10 of Count 1 are re-alleged and incorporated by reference as though fully set forth herein.

2.       On or about August 12, 2021, in the Southern District of Florida and elsewhere, the defendant,

**MELIK NAJM,**

knowingly transported, transmitted, and transferred, and aided and abetted, and caused, the transport, transmission, and transfer of, and attempted to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States, that is a wire transfer from a bank account of Florida Company 1 in South Florida of $200,001.37 to a bank account in China, with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

It is further alleged that the specified unlawful activity is the operation of an unlicensed money transmitting business in violation of Title 18, United States Code, Sections 1960 and 2.

## COUNT 4
### Engaging in Transactions in Criminally Derived Property
### (18 U.S.C. § 1957)

1.       Paragraphs 1 through 6 of the General Allegations Section and paragraphs 4 through 10 of Count 1 are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about March 24, 2022, in the Southern District of Florida and elsewhere, the defendant,

**MELIK NAJM,**

knowing that the property involved represented the proceeds of some form of unlawful activity, knowingly engaged in and attempted to engage in a monetary transaction of a value greater than $10,000, involving and derived from the proceeds of specified unlawful activity, that is, a wire transfer of approximately $225,388.41 from a bank account of Florida Company 6 in the Southern District of Florida to a bank account of a luxury car dealership in the Southern District of Florida, in violation of Title 18, United States Code, Section 1957 and 2.

It is further alleged that the specified unlawful activity is the operation of an unlicensed money transmitting business in violation of Title 18, United States Code, Sections 1960 and 2.

## FORFEITURE ALLEGATIONS
**(18 U.S.C. § 981(a)(1)(C))**
**(18 U.S.C. § 982(a)(1))**
**(21 U.S.C. § 853)**

1.      The allegations in of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendant, **MELIK NAJM**, has an interest.

2.      Upon conviction of a conspiracy to violate Title 18, United States Code, Section 1960, as alleged in this Indictment, the defendant shall criminally forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3.      Upon conviction of a violation of Title 18, United States Code, Section 1956, 1957, and/or 1960, as alleged in this Indictment, the defendant shall criminally forfeit to the

United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such violation, or any property traceable to such property.

4. The property which is subject to criminal forfeiture includes, but is not limited to, the following:

(a) One (1) 2022 Ferrari F8 Tributo (VIN: ZFF92LLA8N0281304), seized on or about September 23, 2022; and

(b) One (1) 2022 Porsche 718 Cayman (VIN: WP0AC2A87NS275503), seized on or about September 23, 2022.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c), Title 18, United States Code, Section 982(a)(1), and the procedures set forth at Title 21, United States Code, Section 853, as made applicable by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

MICHAEL N. BERGER
ASSISTANT UNITED STATES ATTORNEY

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: _____

v.

MELIK NAJM,

**CERTIFICATE OF TRIAL ATTORNEY**

_____/
Defendant.

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☒ Miami    ☐ Key West    ☐ FTP
☐ FTL      ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Portuguese

4. This case will take  3-4  days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                (Check only one)
   I    ☒ 0 to 5 days              ☐ Petty
   II   ☐ 6 to 10 days             ☐ Minor
   III  ☐ 11 to 20 days            ☐ Misdemeanor
   IV   ☐ 21 to 60 days            ☒ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _____
Michael N. Berger
Assistant United States Attorney
Court ID No.   A5501557

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: MELIK NAJM

**Case No**: _____

Count #: 1

Conspiracy to Commit an Offense Against the United States

Title 18, United States Code, Section 371
* Max. Term of Imprisonment: 5 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $250,000

Count #: 2

Prohibition of Unlicensed Money Transmitting Business

Title 18, United States Code, Section 1960
* Max. Term of Imprisonment: 5 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $250,000

Count #: 3

International Laundering of Monetary Instruments

Title 18, United States Code, Section 1956(a)(2)
* Max. Term of Imprisonment: 20 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $500,000

Count #: 4

Engaging in Transactions in Criminally Derived Property

Title 18, United States Code, Section 1960
* Max. Term of Imprisonment: 5 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.